

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:03-CR-59 |
| | § | |
| ALBERT HARPER | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Albert Harper, violated conditions of supervised release imposed by United States District Judge Richard A. Schell. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #40) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on July 17, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On November 18, 2003, The Honorable Richard A. Schell sentenced the defendant after he pled guilty to the offense of distribution of 5 grams or more, but less than 50 grams, of cocaine base, a Class B felony. The Court sentenced him to 115 months imprisonment followed by five (5) years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment.

On July 25, 2008, the Court reduced Harper's term of imprisonment to 96 months pursuant to a motion to reduce his sentence. On August 13, 2010, Albert Don Harper completed his period of imprisonment and began service of the supervision term. On January 9, 2012, the Court modified Harper's conditions of supervised release to include home detention and electronic monitoring.

## B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervised release by committing another federal, state, or local crime. Specifically, the petition alleges that on August 20, 2011, Mr. Harper was arrested by Orange Police Department, Orange, Texas, for driving while intoxicated. On October 11, 2012, he pled guilty to the offense and was sentenced to 49 days in jail.

## C. Evidence presented at Hearing

At the hearing, the Government proffered the following evidence. If the case proceeded to a contested hearing, the Government would show that on August 22, 2011, Albert Harper was arrested by the Orange Police Department for driving while intoxicated. The evidence would further show that on October 11, 2012, Harper pled guilty to that offense and was sentenced to state jail time.

Defendant, Albert Harper, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

## D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime while on supervision.

A violation of supervision conditions in the manner stated above constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the

defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is 3 years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by committing the new state crime of driving while intoxicated. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Albert Harper, to serve a term of **twelve (12) months and one (1) day imprisonment** with no further supervision to follow.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of July, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE